Case 1:20-cr-02018-SAB    ECF No. 144    filed 11/16/22    PageID.396    Page 1 of 6

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 16, 2022
SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO GUSTAVO CASTANEDA-SANDOVAL,<br><br>Defendant. | No. 1:20-CR-02018-SAB-1<br><br>ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>ECF No. 131 |

On Monday, November 14, 2022, the Court conducted a hearing on the United States' Oral Motion for Detention (ECF No. 131). Defendant was represented by Assistant Federal Defender Nick Mirr. Assistant United States Attorney Thomas Hanlon represented the United States.

The Court has considered the Petition (ECF No. 126), the Pretrial Services Report (ECF No. 11), the Supplemental Pretrial Services Report (ECF No. 34), and the arguments of counsel.

The United States contended that if released, Defendant would present both a risk of flight and a danger to the safety of the community. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure his appearance as required and the safety of the community if released.

ORDER - 1

"[Federal Rule of Criminal Procedure] 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed. R. Crim. P. 46(d). Under that Rule, the Court may release or detain a defendant pursuant to 18 U.S.C. § 3143(a), pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). Under that statute, such a defendant shall be detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1). This burden of clear and convincing evidence lies with the defendant. Fed. R. Crim. P. 32.1(a)(6); *see United States v. Loya*, 23 F.3d 1529, 1530 (9th Cir. 1994).

This Court has taken into account the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

As a preliminary matter, the Court notes that this is not Defendant's first

ORDER - 2

violation of supervised release and that he was previously unsuccessful in completing the Eastern District of Washington's Sobriety Treatment and Education Program ("STEP").  The Petition now before the Court alleges that on October 24, 2022, Defendant received permission from his supervising United States Probation/Pretrial Services officer to take his daughter to a movie on October 29, 2022.  In the eyes of the Court, this was an opportunity for Defendant to demonstrate his ability to comply with directions from his supervising officer and spend time with his daughter.  However, in spite of this opportunity, Defendant failed to report for a drug test on October 28, 2022, and it was subsequently determined that he did not attend a movie with his daughter on October 29, but instead went to Legends Casino in Toppenish, Washington—a location where he was not given permission to be.

Following this unauthorized visit to Legends Casino, Defendant failed to report for his drug test with Merit Resource Services on November 2, 2022.  Defendant further failed to report to the United States Probation/Pretrial Services Office as directed by his supervising officer on November 7, 2022.  Defendant did not attempt to contact his supervising officer to explain either of these alleged violations.

Defendant's behavior beginning on October 28, 2022, indicates that he is actively using controlled substances and is unable to control his addiction despite

ORDER - 3

the United States Probation/Pretrial Services Office's guidance. This uncontrolled addiction, coupled with a pretrial no-contact order in state court resulting from a probable cause finding, presents the Court with an acute risk of danger to the community.

Therefore, the Court finds that Defendant has not established by the required preponderance of evidence conditions or a combination of conditions of release that would reasonably assure Defendant's presence at trial. Furthermore, Defendant has not established by clear and convincing evidence that Defendant does not pose a present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release.

However, the Court recognizes that Defendant is suffering from addiction to controlled substances and would benefit from inpatient treatment. For that reason, the Court may be willing revisit the issue of detention if and when a bed date for inpatient treatment is available and an appropriate release plan with the necessary guardrails is proposed.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention, **ECF No. 131**, is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the Court.

2. Defendant is committed to the custody of the U.S. Marshal for

ORDER - 4

confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

      3.     Defendant shall be afforded reasonable opportunity for private consultation with counsel.

      4.     If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f),[1] that party shall file a maximum four-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion object, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of opposing counsel; United States Probation/Pretrial Services; or another party with a

---

[1] While this hearing was held under the provisions of 18 U.S.C. § 3143(a), this subsection directs the Court to conduct the hearing, albeit with the burden of production and persuasion on Defendant, under either 18 U.S.C. § 3142(b) or (c). Because this hearing was held under 18 U.S.C. § 3142(c), the procedure for conducting the hearing is controlled by 18 U.S.C. §3142(f), which provides the above mechanism for reopening said hearing.

ORDER - 5

substantial interest in the motion, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position.  This Court will treat the motion as expedited and submitted without argument, and will set a hearing or issue other orders as may be appropriate.

5. If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

6. Defendant is bound over to Judge Stanley A. Bastian for further proceedings.

**IT IS SO ORDERED.**

DATED November 16, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 6